■ KAYGREEN REALTY Co., LLC, Respondent, v IG SECOND GENERATION PARTNERS, L.P., et al., Appellants. [859 NYS2d 216]— In an action for a judgment declaring, inter alia, that the plaintiff tenant properly exercised its option to purchase the subject property from the defendants, the defendants appeal from an order of the Supreme Court, Queens County (Kitzes, J.), dated August 2, 2007, which, in effect, denied their motion to compel the plaintiff to provide them with complete access to the entire premises and granted the plaintiff's cross motion for a protective order to the extent of "limiting defendants' right of inspection to the items [set] forth in its notice of default."

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The plaintiff tenant commenced this action for a judgment declaring, inter alia, that it properly exercised an option to purchase contained in the parties' lease. The defendants, owners of the subject property, claim that the plaintiff cannot exercise the option because it was in default of provisions of the lease, including a provision requiring it to maintain the premises. In preparation for trial, the defendants sought to inspect the entire premises for defects, and moved to compel the plaintiff to provide them with complete access to the subject premises. The plaintiff cross-moved for a protective order. The Supreme Court, in effect, denied the defendants' motion for complete access to the premises and granted the plaintiffs' cross motion to the extent of "limiting defendants' right of inspection to the items [set] forth in its notice of default" in order to avoid a "fishing expedition."

The defendants note in their brief that on October 9, 2007 they inspected the premises pursuant to the order appealed from. However, on October 25, 2007 they were given access "to the entire Premises" pursuant to a provision of the lease affording them access to the premises during business hours to inspect the same. Since the defendants have been given the access requested (see De Santis v Independent Beetle Serv., 59 AD2d 732 [1977]), we must dismiss the instant appeal as academic (see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO, 72 NY2d 307, 311 [1988]). Prudenti, P.J., Miller, Carni and Chambers, JJ., concur.